**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CORNELIO HERNANDEZ SABINO, ET AL.,

    Plaintiffs,

       v.                                Civ. No. 05-2325(PG)

JOSE ALCOVER GARCIA, ET AL.,

    Defendants.

**OPINION AND ORDER**

    Before the Court is plaintiffs' "Motion to dismiss Without Prejudice." (Docket No. 33.) Plaintiffs claim that they have encountered unusual and extreme difficulties in their diligent efforts to be granted permission to travel to Puerto Rico for the taking of their depositions and that they have been precluded from doing so through no fault of their own. This has severely impacted plaintiffs' ability to actively prosecute their claims. Accordingly, they move to dismiss the case without prejudice so that they may be able to conclude their efforts to secure the necessary authorization to travel to Puerto Rico and renew the prosecution of their claims.

    Defendants oppose plaintiffs' request. (Docket No. 38.) They argue that a dismissal with prejudice is warranted because defendants conducted all the necessary pretrial work and incurred substantial expenses in the litigation of this case. Defendants state their counsel has had to conduct multiple meetings with the parties to investigate the factual allegations; draft and file two answers to the complaint as well as several motions and a pretrial memorandum; hold a Rule 26 meeting; answer plaintiffs' propounded written discovery; serve plaintiffs with written discovery--which was never answered--take depositions; consult with multiple experts, and retain one. (Id.) Defendants contend that plaintiffs' lack of prosecution should not be awarded with a dismissal without prejudice. In the alternative, they request that all costs and attorney fees be imposed on the plaintiffs.

    Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." See Doe v.

Civ. No. 05-2325(PG)                                                    Page 2

Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000). "Its purpose is to permit the plaintiff, with approval of the court, voluntarily to dismiss an action as long as 'no other party will be prejudiced'." Id. (internal citations omitted). Indeed, "the district court is responsible under the rule for exercising its discretion to ensure that such prejudice will not occur." Id. (citation omitted).

When ruling on a 41(a)(2) motion, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant'." Id. (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir.1969). These so-called Pace factors, are "simply a guide for the trial judge, in whom the discretion ultimately rests". Doe, 216 F.3d at 160 (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir.1980)).

Upon careful review of the record and considering: the motions that have been filed by both parties throughout this litigation, particularly, the answers to the complaint and defendants' Motion to Strike Witnesses (Docket No. 25); the Court's efforts in aiding plaintiffs to obtain visas, the fact that for a year and half plaintiffs have not moved their case beyond the initial stages of the case; as well as the applicable law, the Court **DENIES** plaintiffs' motion and **DISMISSES THIS CASE WITH PREJUDICE.**

As can be gleaned from the record, it would greatly prejudice defendants, after all their efforts defending themselves throughout this litigation, to have to face another suit in the future. The record speaks for itself. What is more, plaintiffs' explanation, in view of the record, is insufficient to tilt the balance in their favor. Plaintiffs have throughout the case presented the same excuse, i.e. -the lack of visas-, as the reason for their delay in prosecuting their case. (See Minutes of Status Conferences, Docket Nos. 10, 14, 16, 23, & 29.) Therefore, we find that in light of the particular circumstances of the case, a dismissal with prejudice is warranted.

Civ. No. 05-2325(PG)                                                      Page 3

    **SO ORDERED.**

In San Juan, Puerto Rico, August 1, 2007.

                                                                       S/JUAN M. PEREZ-GIMENEZ  
                                                                       U. S. DISTRICT JUDGE